JUDGE KOELTL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

HEYWARD DOTSON,                                  )
                                                 )
                    Plaintiff,                   )
                                                 )
         -against-                               )
                                                 )
THE CITY OF NEW YORK; POLICE OFFICER             )
BRIAN DENNIS, Shield No. 13090; JOHN DOE         )
FEMALE SUPERVISORY "WHITE SHIRT"                 )
OFFICER; JOHN DOE #1; JOHN DOES; and             )
RICHARD ROES,                                    )
                                                 )
                    Defendants.                  )
------------------------------------------------------------X

# 13 CV 5638

**COMPLAINT**

**JURY TRIAL DEMANDED**

RECEIVED
AUG 1 ? 2013
U.S.D.C. S.D. N.Y.
CASHIERS

## PRELIMINARY STATEMENT

1.      This is a civil rights action in which the plaintiff HEYWARD DOTSON seeks

relief for the defendants' violation of his rights secured by the Civil Rights Act of 1871, 42 U.S.C.

Section 1983, by the United States Constitution, including its First, Fourth and Fourteenth

Amendments, and by the laws and Constitution of the State of New York.  Plaintiff seeks

damages, both compensatory and punitive, affirmative and equitable relief, an award of costs and

attorneys' fees, and such other and further relief as this court deems equitable and just.

## JURISDICTION

2.      This action is brought pursuant to the Constitution of the United States, including

its First, Fourth and Fourteenth Amendments, and pursuant to 42 U.S.C. §1983.  Jurisdiction is

conferred upon this court by 42 U.S.C. §1983 and 28 U.S.C. §§1331 and 1343(a)(3) and (4), this

being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

3.      The plaintiff further invokes this court's supplemental jurisdiction, pursuant to 28

1

U.S.C. §1367, over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this court that they form part of the same case or controversy.

## JURY TRIAL DEMANDED

4.      Plaintiff demands a trial by jury on each and every one of his claims as pleaded herein.

## VENUE

5.      Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1391 (a), (b) and (c).

## NOTICE OF CLAIM

6.      Plaintiff filed a Notice of Claim with the Comptroller of the City of New York on August 1, 2012.  More than 30 days have elapsed since service of the Notice of Claim, and adjustment or payment thereof has been neglected or refused.

## PARTIES

7.      Plaintiff HEYWARD DOTSON was at all times relevant herein a resident of the State of New York, New York County.  Plaintiff HEYWARD DOTSON is African-American.

8.      Defendant THE CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York.  It is authorized by law to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible.  Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by the New York City Police

Department.

9.      Defendants POLICE OFFICER BRIAN DENNIS, Shield No. 13090, JOHN DOE
FEMALE SUPERVISORY "WHITE SHIRT" OFFICER, JOHN DOE #1, and JOHN DOES, are
and were at all times relevant herein duly appointed and acting officers, servants, employees and
agents of THE CITY OF NEW YORK and/or the New York City Police Department (NYPD), a
municipal agency of defendant THE CITY OF NEW YORK.  Defendants are and were at all
times relevant herein acting under color of state law in the course and scope of their duties and
functions as officers, agents, servants, and employees of defendant THE CITY OF NEW YORK,
were acting for, and on behalf of, and with the power and authority vested in them by THE CITY
OF NEW YORK and the New York City Police Department, and were otherwise performing and
engaging in conduct incidental to the performance of their lawful functions in the course of their
duties.  POLICE OFFICER BRIAN DENNIS, Shield No. 13090, JOHN DOE FEMALE
SUPERVISORY "WHITE SHIRT" OFFICER, JOHN DOE #1, and JOHN DOES are sued
individually.

10.      Defendants JOHN DOE FEMALE SUPERVISORY "WHITE SHIRT" OFFICER
and RICHARD ROES are and were at all times relevant herein duly appointed and acting
supervisory officers, servants, employees and agents of THE CITY OF NEW YORK and/or the
New York City Police Department, responsible for the training, retention, supervision, discipline
and control of subordinate members of the police department under their command.  Defendants
are and were at all times relevant herein acting under color of state law in the course and scope of
their duties and functions as supervisory officers, agents, servants, and employees of defendant
THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority

vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties.  Defendants JOHN DOE FEMALE SUPERVISORY "WHITE SHIRT" OFFICER and RICHARD ROES are sued individually.

## STATEMENT OF FACTS

11.     On May 18, 2012, approximately 5:10 p.m., Plaintiff was in his neighborhood at Riverside Drive near 142nd Street, New York, NY.

12.     Plaintiff on that date was 63 years old, and in frail health.

13.     Plaintiff saw a number of JOHN DOES police officers stopping and frisking a number of young people, and went over to observe.

14.     Plaintiff observed the scene for approximately ten minutes or so.

15.     Defendant Police Officer DENNIS pulled up to the scene in his car, almost hitting Plaintiff with his car (Plaintiff was at that time standing just off the curb, in a parking space along the curb).

16.     The JOHN DOE FEMALE SUPERVISORY "WHITE SHIRT" OFFICER told Plaintiff, in sum and substance, that Plaintiff had better watch out, as Defendant Police Officer DENNIS wanted to park in the parking spot.

17.     Plaintiff stepped onto the sidewalk.

18.     Plaintiff asked why the young people were being frisked, and JOHN DOE FEMALE SUPERVISORY "WHITE SHIRT" OFFICER stated that two girls had had a fight the day before.

19.     Plaintiff then asked, if that were the case, why all the young men were being

4

frisked.

20.     Defendant Police Officer DENNIS, who was then standing near the JOHN DOE FEMALE SUPERVISORY "WHITE SHIRT" OFFICER stated, in sum and substance, that the police did not have to take such commentary from Plaintiff, and that the police had been doing a good job for years.

21.     Defendant Police Officer DENNIS then told Plaintiff he had to disperse, and immediately rushed at Plaintiff, knocking Plaintiff into a police car, and placed Plaintiff under arrest.

22.     Plaintiff was standing a reasonable distance – approximately ten or twelve feet - from any police activity, and was not interfering in any way with any police activity.

23.     Other bystanders were closer to the police than Plaintiff, and were not told to disperse, nor attacked, nor arrested.

24.     Plaintiff was simply exercising his First Amendment right to observe and comment upon the activities of the police, and was not violating any law.

25.     Police Officer DENNIS and his JOHN DOE #1 partner handcuffed Plaintiff.

26.     Police Officer DENNIS told Plaintiff, in sum and substance, that the police were going to take Plaintiff downtown and prosecute Plaintiff "all the way."

27.     Plaintiffs handcuffs were applied to him with extreme and unnecessary tightness, which caused him great pain.

28.     Plaintiff was taken to the NYPD 30th Precinct by Police Officer DENNIS and his JOHN DOE #1 partner.

29.     At the precinct, Police Officer DENNIS removed Plaintiff's handcuffs, and pushed

Plaintiff into a cell.

30.     Police Officer DENNIS told Plaintiff, in sum and substance, "we'll see where your street lawyer talk gets you now."

31.     Plaintiff was released from police custody at the Precinct with a summons at approximately 7:40 p.m.

32.      Police Officer DENNIS was the signatory on the summons issued to Plaintiff.

33.     Plaintiff stayed at the precinct until approximately 9:30 that evening to fill out a complaint about the police misconduct he had been subjected to.

34.     The summons issued to Plaintiff falsely charged Plaintiff with disorderly conduct.

35.     The charges on the summons issued to Plaintiff were dismissed in their entirety on July 20, 2012 at Part SAP-D at 346 Broadway, New York, NY.

36.     Plaintiff received a notice in the mail that the charges against him had been dismissed.

37.     Throughout his time in custody Police Officer DENNIS threatened Plaintiff multiple times that he would be put through the system downtown, and Police Officer DENNIS called Plaintiff a "faggot."

38.     Sometime in approximately September 2012, Police Officer DENNIS saw Plaintiff on the street and asked Plaintiff, in sum and substance, "what's happening with the lawsuit?"

## FIRST CLAIM

## DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

39.     The plaintiff incorporates by reference the allegations set forth in all previous

6

Paragraphs as if fully set forth herein.

      40.    By their conduct and actions in seizing plaintiff, searching plaintiff, falsely arresting and imprisoning plaintiff, assaulting and battering plaintiff, maliciously prosecuting plaintiff, abusing process against plaintiff, trespassing upon plaintiff, violating rights to equal protection of plaintiff, violating rights to due process of plaintiff, violating and retaliating for plaintiff's exercise of his rights to free speech and assembly, failing to intercede on behalf of the plaintiff and in failing to protect the plaintiff from the unjustified and unconstitutional treatment he received at the hands of other defendants, defendants POLICE OFFICER BRIAN DENNIS, Shield No. 13090, JOHN DOE FEMALE SUPERVISORY "WHITE SHIRT" OFFICER, JOHN DOES and/or RICHARD ROES, acting under color of law and without lawful justification, intentionally, maliciously, and with a deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its First, Fourth, and Fourteenth amendments.

      41.    As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

**SECOND CLAIM**

**DEPRIVATION OF RIGHTS UNDER THE
UNITED STATES CONSTITUTION AND 42 U.S.C. §1983**

      42.    The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

43.     By their conduct in failing to remedy the wrongs committed by their subordinates and in failing to properly train, supervise, or discipline their subordinates, supervisory defendants JOHN DOE FEMALE SUPERVISORY "WHITE SHIRT" OFFICER and RICHARD ROES caused damage and injury in violation of plaintiff's rights guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its First, Fourth, and Fourteenth amendments.

44.     As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## THIRD CLAIM

### LIABILITY OF DEFENDANT THE CITY OF NEW YORK
### FOR CONSTITUTIONAL VIOLATIONS

45.     The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

46.     At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

47.     At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants, had de facto policies, practices, customs, and usages of failing to properly train, screen, supervise, or discipline employees and police officers, and of failing to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline said defendants.  These policies, practices,

8

customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

48.     At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants, had de facto policies, practices, customs, and usages of encouraging and/or tacitly sanctioning the violation of and/or retaliation for individuals' exercise of free speech and association in a manner that affronts police officers or is interpreted by police officers as challenging their authority or observing or documenting their activities.  These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

49.     At all times material to this complaint, the defendant THE CITY OF NEW YORK, acting through its police department and through the individual defendants, had de facto policies, practices, customs and/or usages of encouraging and/or tacitly sanctioning the cover-up of other law enforcement officers' misconduct, through the fabrication of false accounts and evidence and/or through "the blue wall of silence."  Such policies, practices, customs and/or usages are a direct and proximate cause of the unconstitutional conduct alleged herein.

50.     At all times material to this complaint, the defendant THE CITY OF NEW YORK, acting through its police department and through the individual defendants, had de facto policies, practices, customs and/or usages of engaging in unconstitutional and overly aggressive stops and frisks, which are implemented disproportionately upon people of color.  Such policies, practices, customs and/or usages are a direct and proximate cause of the unconstitutional conduct alleged herein.

51.     As a result of the foregoing, plaintiff was deprived of his liberty and property,

9

experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## FOURTH CLAIM

### RESPONDEAT SUPERIOR LIABILITY OF THE CITY OF NEW YORK FOR STATE LAW VIOLATIONS

52.     The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

53.     The conduct of the individual defendants alleged herein, occurred while they were on duty and in uniform, and/or in and during the course and scope of their duties and functions as New York City police officers, and/or while they were acting as agents and employees of the defendant THE CITY OF NEW YORK, and, as a result, the defendant THE CITY OF NEW YORK is liable to the plaintiff pursuant to the state common law doctrine of respondeat superior.

54.     As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## FIFTH CLAIM

### ASSAULT AND BATTERY

55.     The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

56.     By the actions described above, defendants did inflict assault and battery upon the plaintiff.  The acts and conduct of defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the

laws and Constitution of the State of New York.

57.     As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## SIXTH CLAIM

### FALSE ARREST AND FALSE IMPRISONMENT

58.     The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

59.     By the actions described above, defendants caused plaintiff to be falsely arrested and imprisoned, without reasonable or probable cause, illegally and without a warrant, and without any right or authority to do so.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

60.     As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## SEVENTH CLAIM

### MALICIOUS PROSECUTION

61.     The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

62.     By the actions described above, defendants maliciously prosecuted plaintiff without any right or authority to do so.  The acts and conduct of the defendants were the direct

11

and proximate cause of injury and damage to plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

63.     As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## EIGHTH CLAIM

### ABUSE OF PROCESS

64.     The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

65.     By the conduct and actions described above, defendants employed regularly issued process against plaintiff compelling the performance or forbearance of prescribed acts.  The purpose of activating the process was intent to harm plaintiff without economic or social excuse or justification, and the defendants were seeking a collateral advantage or corresponding detriment to plaintiff which was outside the legitimate ends of the process.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

66.     As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## NINTH CLAIM

### VIOLATION OF RIGHT TO EQUAL PROTECTION OF LAW

67.     The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

68.     By the actions described above, defendants violated plaintiff's rights to equal protection of law.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

69.     As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## TENTH CLAIM

### VIOLATION OF AND RETALIATION FOR THE EXERCISE OF RIGHTS TO FREE SPEECH AND ASSEMBLY

70.     The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

71.     By the actions described above, defendants violated, and retaliated for the exercise of, the free speech and assembly rights of plaintiff.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

72.     As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

### ELEVENTH CLAIM

**TRESPASS**

73.     The plaintiff incorporates by reference the allegations set forth in all previous

Paragraphs as if fully set forth herein.

74.     The defendants willfully, wrongfully and unlawfully trespassed upon the person of

plaintiff.

75.     As a result of the foregoing, plaintiff was deprived of his liberty and property,

experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise

damaged and injured.

## TWELFTH CLAIM

### INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

76.     The plaintiff incorporates by reference the allegations set forth in all previous

Paragraphs as if fully set forth herein.

77.     By the actions described above, defendants engaged in extreme and outrageous

conduct, conduct utterly intolerable in a civilized community, which intentionally and/or

negligently caused emotional distress to plaintiff.  The acts and conduct of the defendants were

the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and

common law rights as guaranteed by the laws and Constitution of the State of New York.

78.     As a result of the foregoing, plaintiff was deprived of his liberty and property,

experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise

damaged and injured.

## THIRTEENTH CLAIM

### NEGLIGENCE

14

79.      The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

80.      The defendants, jointly and severally, negligently caused injuries, emotional distress and damage to the plaintiff.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

81.      As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## FOURTEENTH CLAIM

## NEGLIGENT HIRING, SCREENING, RETENTION, SUPERVISION AND TRAINING

82.      The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

83.      Defendants THE CITY OF NEW YORK negligently hired, screened, retained, supervised and trained defendants.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

84.      As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## FIFTEENTH CLAIM

## CONSTITUTIONAL TORT

85.     Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

86.     Defendants, acting under color of law, violated plaintiff's rights pursuant to Article I, §§ 6, 8, 9, 11 and 12 of the New York State Constitution.

87.     A damages remedy here is necessary to effectuate the purposes of §§ 6, 8, 9, 11 and 12 of the New York State Constitution, and appropriate to ensure full realization of plaintiff's rights under those sections.

88.     As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

WHEREFORE, plaintiff demands the following relief jointly and severally against all of the defendants:

     a.  Compensatory damages;

     b.  Punitive damages;

     c.  The convening and empaneling of a jury to consider the merits of the claims herein;

     d.  Costs and interest and attorney's fees;

     e.  Such other and further relief as this court may deem appropriate and equitable.

Dated:      New York, New York
            August 13, 2013

                                        _____
                                        JEFFREY A. ROTHMAN, Esq.
                                        315 Broadway, Suite 200
                                        New York, New York 10007
                                        (212) 227-2980

                                        Attorney for Plaintiff

17